Edward W. EICHMANN, Administrator
of the Estate of Harry J. Lobnitz, Jr.

v.

Richard P. DENNIS and Commercial
Concrete Company, Inc.

Civ. A. No. 19437.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1963.

Roland J. Christy, Philadelphia, Pa., for plaintiff.

Gordon W. Gerber, Philadelphia, Pa., for defendants.

BODY, District Judge.

After trial, the jury returned a verdict in this case for defendant, Richard P. Dennis. The Court has jurisdiction of the suit because of diversity of citizenship.

Plaintiff's decedent, Harry J. Lobnitz, Jr., was a young man who was unfortunately killed when a cement truck driven by Dennis ran over him while the truck was being backed into a loading area of the Commercial Concrete Company, Inc. The latter company was originally a defendant but is no longer a defendant for a directed verdict was entered in its favor at the first trial of this case. In that trial the jury was unable to agree.

The testimony showed that both plaintiff's decedent and the defendant were truck drivers for the same concrete mix-

ing company which had a yard and batch plant at Conshohocken. Lobnitz, the decedent, had finished his deliveries and was washing his truck when Dennis, the defendant, arrived at the yard with the empty truck that he was operating. Dennis was told by his superior Gaasche to back up his truck to take out another load. This conversation with Lobnitz present took place in the rear of the Dennis truck, and from twenty (20) to twenty-five (25) feet forward of the front of the Lobnitz truck. Both trucks were almost parallel. At the conclusion of the conversation between the three men, Lobnitz walked toward his truck to the right rear of the Dennis truck, Gaasche walked toward the water cooler to the rear and left of the Dennis truck, and Dennis walked forward to the left door of his truck where he got on the truck. The motor was idling. He then put it in gear, after which he checked in his right rear view mirror and could see the Lobnitz truck, and looked also to the rear on the left side. Then he proceeded straight back toward the batching station at a speed of one (1) to five (5) miles per hour, and checked again by looking out the left side of the truck and the right rear view mirror between the time he started to back and the time the accident happened. He stopped the vehicle immediately when Gaasche yelled.

While the truck was backing Gaasche saw Lobnitz stand in the rear of the Lobnitz truck in a position of safety, and therefore not in line with the movement of the Dennis truck. From all the testimony it must be concluded that Lobnitz moved from the rear of his truck to the rear of the Dennis truck for otherwise he would not have been run over by the right rear wheel of the Dennis truck. Further, Lobnitz had to move from five (5) to ten (10) feet out and beyond the point where Gaasche last saw him standing in the rear of the Lobnitz truck to the point of contact with the right rear wheel of the Dennis truck.

The facts of the accident came from Gaasche, the batchmaster supervisor, and Dennis who was called by the plaintiff.

The procedures followed on this day in the yard were the same every other day, and both Lobnitz and Dennis were familiar with these procedures which were followed on the day of the accident.

Plaintiff's counsel did not order a transcript of the testimony but one was available from the first trial and it was alleged in argument that the testimony was the same for the most part. Counsel for plaintiff contends that there were numerous errors of law entitling his client to a new trial under Rule 59, F.R.Civ.P.

The contentions relating to errors with regard to admission of evidence and the law given the jury in the charge, all of which relate to the issue of damages, will not be discussed since these problems are not reached in view of the fact that the verdict was for the defendant and we have the issue of liability only. Alleged error with regard to damage issues is not prejudicial at any rate, assuming there is error, which is in fact not the case.

Defendant claims that a verdict should have been directed for him on the basis that he was not negligent as a matter of law. However, in view of my conclusion it is not necessary to discuss that phase of the case.

█ We cannot say that plaintiff's decedent was free of contributory negligence as a matter of law as plaintiff would have us do. Decedent was within hearing distance of defendant and a supervisor when the supervisor told defendant to back up and load his truck. Decedent, therefore, knew or should have known that defendant's truck would be where it was at the instant of impact. He knew the procedures of loading batches in the yard. Moreover, the truck was noisy and the jury was justified in finding, if they did so find, that a reasonably careful man who had ordinary hearing would have been warned by increasing noise as the truck approached. True, decedent was washing his truck with a high-powered hose which may have made it difficult to distinguish the varying intensity of noise from the moving cement

truck. All these matters merely serve to point out that from the basically simple fact situation here, many legitimate inferences, widely opposed in conclusion, could be drawn by reasonable men.

■■ In this light it remains only to discover whether the jury could have been misled by the charge. Plaintiff's points for charge, which were refused, were largely quotations from various Pennsylvania Supreme Court decisions and were, of course, correct statements of the facts and law in those cases. However, each case differed in its factual setting. In charging a jury it is incumbent upon the trial judge to avoid misleading the jury in the case being tried. Quotations from opinions in other cases are more likely to mislead than are broader statements of basic principles of law which are molded to fit the facts at issue. In a judge's opinion it may be proper to say: "A man caught between the jaws of a vise closing ever so slowly will be killed as surely as though he were struck by a supersonic missile." (Taken from plaintiff's point #5.) Saying the same thing in a charge to a jury could well be construed as prejudicial to a defendant when a general statement of principle would do as well, or as in this case, perhaps much better.

■ The rule is that a point for charge may be refused without error as long as a general charge which is correct under the law is given and covers that point. If the correct principle of law is brought home to the jury, the party proposing the point cannot complain. Moreover, it is difficult to see where there is error when all that was established at argument was the refusal of points and counsel failed to spell out specific errors in the charge.

■ Essentially, the negligence points of the plaintiff requested the Court to charge that the driver of a backing vehicle must exercise a higher degree of care than one driving a vehicle in a forward direction. The cases cited for this proposition clearly involve dissimilar factual situations. However,

the basic law of negligence in automobile cases in Pennsylvania remains the same. The test of negligence is whether defendant exercised the reasonable care an ordinarily prudent man would use under all the circumstances present at the time of the injury. Of course, a defendant backing up a vehicle must use more care than one who is driving forward with an unimpaired field of vision because a reasonable man backing up a vehicle will be more cautious to compensate for the decreased opportunity to see objects ·in the path over which he is traveling. Lacaria, Admr. v. Hetzel, 373 Pa. 309, 310, 96 A.2d 132 (1953). However, there is more than one way to convey this concept to a jury. One way is to present them with all of the facts and leave it to their reasonable judgment whether "under the circumstances" includes the fact a truck is being driven toward the rear rather than forward. The standard of care is the same in every negligence case, only the circumstances differ. To charge a jury that, as a matter of law, a man backing a truck must use more caution than one driving forward is to state the obvious at the expense of creating the possibility of confusion in the jury's collective mind as to the applicable standard of care. The question may or may not be one of semantics. However, no case has been cited for the proposition that in a case where an accident occurs when a vehicle is proceeding in reverse, the charge must include a statement that an extraordinary degree of care or great caution is required of the defendant. The facts are all clear, and no contradictory testimony was presented to the jury.

Much of the testimony involved in detail exactly what the defendant did while backing, where he looked, how often, the speed of the truck, and the relative positions of all persons and objects involved, as well as the practices normally followed by employees performing the operations in question.

In summation, it clearly appears to the Court that an eminently fair trial was afforded the plaintiff. The jury simply

did not believe that the defendant was negligent, or they believed that the decedent was guilty of contributory negligence. The evidence supports either view. In my opinion a third trial should not be awarded, and the verdict of the jury was proper.

## ORDER

And now, this thirty-first day of December, 1963, in accordance with the foregoing Opinion, it is ordered that the motion of the plaintiff for a new trial be and the same is hereby denied.